UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
SAMUEL WAKSAL,                                  :

                Petitioner,          :          05 Civ. 3378 (WHP)

            -against-                  :          MEMORANDUM AND ORDER

UNITED STATES OF AMERICA,                        :

                Respondent.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Petitioner Samuel Waksal ("Waksal") pled guilty in October 2002 and March 2003 to charges of securities fraud, bank fraud, wire fraud, conspiracy to commit wire fraud, obstruction of justice, perjury and conspiracy to obstruct justice and commit perjury. Waksal did not enter into a plea agreement with the Government. Thus, Waksal neither stipulated to a particular sentencing range under the Federal Sentencing Guidelines (the "Guidelines") nor waived his right to challenge the sentence imposed. On June 10, 2003, this Court sentenced Waksal to 87 months of imprisonment. Waksal did not appeal.

        On March 29, 2005, Waksal filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Relying on United States v. Booker, 125 S. Ct. 738 (2005), Waksal contends that this Court violated his Sixth Amendment right to a jury trial by making its own findings of fact and sentencing him under the Guidelines. However, under the Second Circuit's intervening decision in Guzman v. United States, 404 F.3d 139 (2d Cir. 2005), Booker is inapplicable to collateral challenges such as this. Waksal's motion is therefore denied. Acknowledging Guzman, Waksal requests a certificate of appealability to re-present the issue to the Court of Appeals. For the reasons set forth below, Waksal's request is denied.

I. Waksal's Section 2255 Motion

In Booker, the Supreme Court held that the Sentencing Reform Act (the "Act") raised Sixth Amendment concerns to the extent it required a sentencing court to make findings of fact and impose a sentence within the corresponding Guidelines range. Booker, 125 S. Ct. at 749-56. Specifically, the Court held, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. To remedy the constitutional infirmity in the then-existing sentencing regime, the Court severed and excised the provision of the Act that mandated application of the Guidelines. Booker, 125 S. Ct. at 764. The Court left the balance of the Act intact. As such, the Guidelines are advisory; sentencing courts are required "to take account of the Guidelines together with other sentencing goals" in fashioning an appropriate sentence. Booker, 125 S. Ct. at 764; accord United States v. Crosby, 397 F.3d 103, 111 (2d Cir. 2005) ("[S]entencing judges remain under a duty with respect to the Guidelines – not the previously imposed duty to apply the Guidelines, but the continuing duty to 'consider' them, along with the other factors listed in [18 U.S.C. §] 3553(a).").

Booker extends to "all cases on direct review" but leaves unresolved its retroactive application, if any, to criminal judgments that were final at the time it was decided. Booker, 125 S. Ct. at 769. "Whether or not a new rule of law announced by the Supreme Court is to be applied retroactively in criminal cases on habeas review . . . depends largely on whether the rule is substantive or procedural." Santana-Madera v. United States, 260 F.3d 133, 138 (2d Cir. 2001). New substantive rules presumptively apply to habeas petitions, whereas new procedural rules are retroactive only if they constitute "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 U.S. 348, 124 S. Ct. 2519, 2523 (2004) (internal quotations omitted); see

2

Teague v. Lane, 489 U.S. 288, 310-12 (1989); Coleman v. United States, 329 F.3d 77, 83 & n.4 (2d Cir. 2003). "That a new procedural rule is 'fundamental' in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is seriously diminished. This class of rules is extremely narrow, and it is unlikely that any has yet to emerge." Schriro, 124 S. Ct. at 2523 (internal quotations, alteration and citation omitted).

Waksal contends that Booker applies retroactively to Section 2255 proceedings because: (1) the Booker rule is not a new rule but was dictated by Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) even if a new rule, it is substantive rather than procedural; and (3) even if a new procedural rule, the Booker rule emerges as a watershed rule of criminal procedure.

Subsequent to Waksal's motion, the Second Circuit decisively rejected these very arguments in Guzman. 404 F.3d at 141-44. The Court of Appeals explained that although Booker announced a new rule because the result was not "apparent to all reasonable jurists," the rule was not substantive because it "did not alter the range of conduct subject to any sentence." Guzman, 404 F.3d at 142 (internal quotation omitted). Moreover, the Court held that Booker's new procedural rule was not "a watershed rule because 'the only change is the degree of flexibility judges enjoy in applying the guideline system.'" Guzman, 404 F.3d at 143 (quoting McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)). Accordingly, the Court held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." Guzman, 404 F.3d at 144.

According to the docket sheet, Waksal's judgment of conviction was entered on June 12, 2003. Waksal had ten days within which to file a notice of appeal, see Fed. R. App. Proc. 4(b)(1)(A), or until June 26, 2003. Because Waksal's conviction was final on that date, Guzman forecloses his collateral challenge to this Court's sentence. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed

3

federal criminal judgment becomes final when the time for filing a direct appeal expires."). Accordingly, Waksal's motion for Section 2255 relief is denied.

II. Certificate of Appealability

Anticipating that this Court would deny his motion in light of Guzman, Waksal requests a certificate of appealability "to keep [his case] in the pipeline of cases headed to the Supreme Court" that urge a retroactive application of Booker. (Letter to the Court from Abbe David Lowell, Esq., dated June 13, 2005, at 1; see also Petitioner's Reply Memorandum, dated May 12, 2005 ("Pet. Reply Mem.").)

A petitioner proceeding under Section 2255 may not pursue his motion to the Court of Appeals without first obtaining a certificate of appealability from the District Court, the Court of Appeals or the Circuit Justice. Fed. R. App. Proc. 22(b); 28 U.S.C. § 2253(c)(1)(B); Eltayib v. United States, 294 F.3d 397, 398 (2d Cir. 2002). A certificate of appealability should issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and alteration omitted); accord Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

Waksal submits that reasonable jurists could debate whether the Second Circuit correctly decided Guzman and whether Booker applies retroactively to Section 2255 motions. Guzman, however, is binding precedent in this Circuit. Moreover, every other Court of Appeals to consider Booker's retroactivity has rejected arguments like Waksal's and concurred that Booker established a new non-watershed procedural rule. See Cirilo-Munoz v. United States,

4

404 F.3d 527, 533 (1st Cir. 2005); Lloyd v. United States, 407 F.3d 608, 612-15 (3d Cir. 2005); In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds, 397 F.3d at 481; Never Misses a Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005); United States v. Price, 400 F.3d 844, 845-49 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005). Such resounding uniformity among the Courts of Appeals reveals that reasonable jurists are in agreement about Booker's scope. Accordingly, Waksal's arguments do not merit this Court's encouragement to challenge Guzman's holdings anew. See Miller-El, 537 U.S. at 336.

Waksal argues that, in deeming Booker to be non-watershed, the Court of Appeals "did not address the reasonable doubt 'aspect' of Booker, that is, the constitutional requirement . . . that fact-finding that increases a sentence above the statutory maximum be based on the most rigorous of evidentiary standards – proof beyond a reasonable doubt." (Pet. Reply Mem. at 5.) However, Waksal's reading of the decision overlooks the Supreme Court's remedy and thus mischaracterizes the rule established by Booker. As the Seventh Circuit noted, "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application." McReynolds, 397 F.3d at 481; see also Lloyd, 407 F.3d at 615 ("It would be one thing if we were only dealing with Justice Stevens's opinion in Booker, which held the Federal Sentencing Guidelines unconstitutional because their mandatory nature required judges to find facts that increased sentences based on a preponderance of the evidence. But in the opinion authored by Justice Breyer, the unconstitutionality of the Guidelines was remedied by excising the provision . . . that made their application mandatory.").

5

Finally, Waksal contends that the particular circumstances of his guilty plea and sentencing make a strong case for retroactivity because his sentence was "purely driven by judicial fact-finding mandated by the Guidelines." (Petitioner's Memorandum in Support of Section 2255 Motion, dated Mar. 29, 2005, at 3.) He argues, "[W]hether Booker should be retroactively applied must be presented to the Second Circuit in the unique context of this case, involving a defendant who plead guilty without a plea agreement, without an agreement as to a Guidelines sentence, and without waiving his right to collaterally attack his sentence." (Pet. Reply Mem. at 3.) Indeed, Waksal submits that the very question "whether special or novel circumstances can allow for retroactivity in one case, but not another, is an issue of first impression that should be resolved by the appellate court." (Pet. Reply Mem. at 3.)

This Court disagrees. Nothing in Booker, Guzman or the decisions of the other Courts of Appeals rejecting a retroactive application of Booker permits a contrary result based on the individual circumstances of one petitioner's conviction and sentencing. In Guzman, for example, the Second Circuit examined Booker anticeptically, without regard to the petitioner before the Court. The Court of Appeals compared the remedy prescribed by the Supreme Court to the pre-existing federal sentencing regime and discerned a new procedural rule that lacked the rare hallmarks of a "watershed rule." Guzman, 404 F.3d at 143-44. That is, irrespective of the individual facts of the petitioner's case, the Court found no basis to "assume that the mandatory Guidelines system under which Guzman was sentenced seriously diminished the accuracy or fundamental fairness of the sentencing process." Guzman, 404 F.3d at 143-44 (emphasis added).

In any event, Waksal's conviction and sentencing do not call for revisitation of the Second Circuit's holding, for the relevant aspects of Waksal's case are indistinguishable from those of the petitioner in Guzman. In that case, the Second Circuit was confronted with a petitioner who had been sentenced pre-Booker after being convicted by a jury. See Guzman v. United States, 277 F. Supp. 2d 255, 257 (S.D.N.Y. 2003). However, for purposes of the Sixth

6

Amendment in the sentencing context, a guilty plea unsupported by a plea agreement such as Waksal's presents the same issues as a conviction after a jury trial. In each scenario, a sentencing court operating in the pre-Booker regime applied the mandatory Guidelines after making its own findings by a preponderance of the evidence. The defendants in both scenarios neither stipulated to an appropriate sentence nor waived their right to challenge their sentences collaterally. Thus, for all intents and purposes, Waksal is identical to the many Section 2255 petitioners who were sentenced pre-Booker after being convicted by a jury.

Other courts in this District have faithfully applied Guzman and repeatedly denied certificates of appealibility to petitioners who, like Waksal, had not entered a plea agreement with the Government. See, e.g., Mendez v. United States, 379 F. Supp. 2d 589, 595, 599 (S.D.N.Y. 2005); Thristino v. United States, 379 F. Supp. 2d 510, 516-17, 520 (S.D.N.Y. 2005); United States v. Ruiz, No. 01 Cr. 864 (GEL), 2005 WL 1668614, at *9 (S.D.N.Y. July 14, 2005); Moody v. United States, No. 04 Civ. 8665 (SHS), 2005 WL 1606061, at *6 (S.D.N.Y. July 7, 2005); Yuzary v. United States, No. 04 Civ. 2809 (RPP), 2005 WL 926909, at *8 (S.D.N.Y. Apr. 21, 2005). Waksal has failed to make a substantial showing that this Court should treat his case any differently. Given the firm conclusion of the Second Circuit and every other Court of Appeals to consider the retroactivity of Booker to cases on collateral review, the question whether Waksal's Section 2255 motion should be denied is not debatable and does not warrant this Court's authorization to proceed up the appellate ladder.

Accordingly, this Court declines to issue Waksal a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Waksal's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Moreover, because Waksal has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. The Clerk of the Court is directed to mark this case closed.

Dated: October 26, 2005
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

*Counsel for Petitioner:*

Abbe David Lowell, Esq.
Christopher D. Man, Esq.
Chadbourne & Parke LLP
1200 New Hampshire Ave., N.W.
Suite 300
Washington, D.C. 20036

Robert A. Schwinger, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

Alan M. Dershowitz, Esq.
1575 Massachusetts Avenue
Cambridge, MA 02138

Nathan Z. Dershowitz, Esq.
Amy Adelson, Esq.
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001

*Counsel for Respondent:*

Roberto Finzi, Esq.
Assistant United States Attorney
Office of the United States Attorney
    for the Southern District of New York
One St. Andrew's Plaza
New York, NY 10007